[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-14207

_____

In Re:

 TINA M. TALARCHYK,

Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-mc-21933

_____

Before WILSON, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Tina M. Talarchyk, a lawyer, appeals the district court's order suspending her from practicing law in the Southern District of Florida. After careful review and with the benefit of oral argument, we affirm. Talarchyk failed to show that the district court abused its discretion.

## I.

In May 2020, the bankruptcy court for the Southern District of Florida suspended Talarchyk from practicing law in its court. The bankruptcy court directed Talarchyk in four separate orders to provide accounting related to her professional compensation in a Chapter 11 proceeding. Talarchyk refused to comply with the court's directives for over four years. As a result, the bankruptcy court found Talarchyk "willfully violated multiple court orders" such that suspension was warranted.

The district court for the Southern District of Florida then issued an order to show cause why it should not also discipline Talarchyk for the same misconduct. Talarchyk filed a response to the show-cause order, but the district court rejected her arguments. Pursuant to its local rules and its "inherent power to regulate membership in its bar," the district court suspended Talarchyk from practicing law in its court. Talarchyk then moved for

reconsideration, which the district court denied. This is Talarchyk's appeal.[1]

## II.

We review for abuse of discretion a district court's order disciplining a lawyer for professional misconduct. *See In re Calvo*, 88 F.3d 962, 967 (11th Cir. 1996) (per curiam). It is well-established that "a federal court has the power to control admission to its bar and to discipline attorneys who appear before it." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). The federal court's "inherent power" to discipline lawyers "derives from the lawyer's role as an officer of the court which granted admission." *In re Snyder*, 472 U.S. 634, 643 (1985). Even so, because disciplinary proceedings have "a quasi-criminal nature," the lawyer is entitled to procedural due process, which includes notice and an opportunity to be heard. *In re Ruffalo*, 390 U.S. 544, 550–51 (1968).

## III.

Talarchyk argues here that the district court erred by proceeding under Rule 8, as opposed to Rule 6, of the Southern District of Florida's Rules Governing the Admission, Practice, Peer Review,

---

[1] Talarchyk appeals both the district court's order suspending her and its order denying her motion for reconsideration. However, Talarchyk does not explain why she believes the district court erred in denying her motion for reconsideration. She has therefore abandoned this issue. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[T]he law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

and Discipline of Attorneys (the Disciplinary Rules). She also says this violated her due process rights.[2] We address each issue in turn and conclude that the district court properly proceeded under Disciplinary Rule 8 and did not violate Talarchyk's due process rights.

Talarchyk says the district court should have proceeded under Disciplinary Rule 6, as opposed to Disciplinary Rule 8. We give "great deference" to a district court's interpretation of its local rules and review a district court's application of its rules for an abuse of discretion. *Reese v. Herbert*, 527 F.3d 1253, 1267 n.22 (11th Cir. 2008). Disciplinary Rule 6 says a judge "may, in the Judge's discretion," refer the name of a lawyer who might have engaged in professional misconduct to the Ad Hoc Committee on Attorney Admissions, Peer Review, and Attorney Grievance (the Committee) for investigation. S.D. Fla. Disciplinary R. 6(c)(1). This rule is unequivocally discretionary, and thus the district court was not required to refer Talarchyk's case to the Committee for investigation. Further, we do not perceive any basis on which the district court abused its discretion in not referring Talarchyk's case to the Committee.

We likewise see no error in the district court's decision to proceed under Disciplinary Rule 8 when giving effect to the

---

[2] Talarchyk does not argue that the bankruptcy court's decision suffered from any defects, and thus we do not consider whether the district court abused its discretion in giving effect to that decision. *Cf. Calvo*, 88 F.3d at 966–67 (a federal court should give effect to a state court disbarment order unless it suffered from one of three defects).

bankruptcy court's decision. This rule, titled "Discipline Imposed by Other Courts," states that, subject to a handful of exceptions, "[a] final adjudication in another court that an attorney has been guilty of misconduct shall establish conclusively the misconduct for purpose of a disciplinary proceeding in this Court." S.D. Fla. Disciplinary R. 8(e). Talarchyk says Disciplinary Rule 8(e) does not apply for two reasons.

First, Talarchyk says Disciplinary Rule 8(e) does not apply because the bankruptcy court's disciplinary decision was not a "final adjudication" as required by the rule. This argument fails. The bankruptcy court entered a final decision suspending Talarchyk because she "willfully violated multiple court orders" to provide accounting related to her professional compensation under 11 U.S.C. § 330. A bankruptcy court may enter a final decision sanctioning a lawyer for misconduct, including for a violation of court orders, that arises out of a core proceeding in bankruptcy. *See In re Ocean Warrior, Inc.*, 835 F.3d 1310, 1317–18 (11th Cir. 2016). Professional compensation under 11 U.S.C. § 330 is a core proceeding because it arises only in bankruptcy. *See Wortley v. Bakst*, 844 F.3d 1313, 1319 (11th Cir. 2017) (core proceedings are those that involve a "right created by the federal bankruptcy law" or that "would arise only in bankruptcy" (quotation marks omitted)). Therefore, the bankruptcy court disciplined Talarchyk for misconduct arising out of a core proceeding, and the final decision suspending her was properly entered. And because the bankruptcy court's decision was

final for that court's purposes, we view it as a "final adjudication" for purposes of Disciplinary Rule 8(e) as well.

Second, Talarchyk says Disciplinary Rule 8(e) does not apply because the bankruptcy court is a "subordinate division" of the district court, and thus the bankruptcy court's decision was not a decision by "another court" as required by the rule. We reject this argument as well. To be sure, the bankruptcy court "constitute[s] a unit" of the district court and derives its authority from the district court. *See* 28 U.S.C. §§ 151, 157(a). Nevertheless, the bankruptcy court is statutorily distinct from the district court. *See id.* §§ 132, 151 (creating a district court and a bankruptcy court in each judicial district). Beyond that, the bankruptcy court is authorized to discipline lawyers on its own accord. *See* Bankr. S.D. Fla. R. 2090-2. We therefore view the bankruptcy court's decision as a decision by "another court" for purposes of Disciplinary Rule 8(e).[3]

Talarchyk also says the district court violated her due process rights by proceeding under Disciplinary Rule 8, as opposed to Disciplinary Rule 6. As an initial matter, because we hold that the district court properly proceeded under Disciplinary Rule 8, the district court did not violate Talarchyk's due process rights on this basis. Nevertheless, we consider whether the district court's decision

---

[3] In passing, Talarchyk also says the district court erred because it did not consider the exceptions listed in Disciplinary Rule 8(e). Her view is unsupported by the record. The district court set out the exceptions but noted that many of Talarchyk's arguments were "irrelevant" to the exceptions. To the extent she made a "relevant Rule 8(e) argument," the district court found it "without merit."

otherwise complied with due process requirements. Disciplinary proceedings have "a quasi-criminal nature," so a lawyer is entitled to procedural due process, which includes notice and an opportunity to be heard. *Ruffalo*, 390 U.S. at 550–51. Talarchyk was denied neither. The district court's show-cause order provided notice that the court was considering disciplining Talarchyk based on the bankruptcy court's decision. Talarchyk also had the opportunity to be heard, as she responded to the show-cause order, and the district court considered her arguments. Talarchyk does not argue she was entitled to a hearing in the district court, nor could she. The district court gave effect to the bankruptcy court's decision, which she does not argue suffered from any defect, and thus the district court was "not required to conduct a *de novo* trial." *Calvo*, 88 F.3d at 967 (quotation mark omitted). The district court therefore did not violate Talarchyk's due process rights.

**AFFIRMED.**